UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2003 NOV 24 P 4:07
US DISTRICT COURT
HARTFORD CT

ROBERT H. MARCH

V.

ERNESTO VELASQUEZ, ET AL.

PRISONER
CASE NO. 3:03CV1018 (AWT) (DFM)

## RULING AND ORDER

The plaintiff, Robert March, filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. Pending is a motion for injunctive relief filed by the plaintiff. For the reasons that follow, the motion is being denied.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

In this circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going

to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000). Where the moving party seeks a mandatory injunction, i.e., injunctive relief which changes the parties' positions rather than maintains the status quo, or the injunction requested "will provide substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits," the moving party must make a stronger showing of entitlement. Brewer, 212 F.3d at 744 (internal quotation marks and citation omitted). A mandatory injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested" or where "extreme or very serious damage will result from a denial of preliminary relief." Abdul Wali v. Coughlin, 754 F.2d 1015, 1025 (2d Cir. 1985)(citations omitted).

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated. See Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985). To demonstrate irreparable harm, the moving party must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of

2

monetary damages.'" <u>Forest City Daly Housing, Inc. v. Town of North Hempstead</u>, 175 F.3d 144, 153 (2d Cir. 1999) (quoting <u>Rodriguez v. DeBuono</u>, 162 F.3d 56, 61 (2d Cir. 1998)).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. See <u>Drywall Tapers & Pointers Local 1974 v. Local 530</u>, 954 F.2d 69, 76-77 (2d Cir. 1992). Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., <u>Moore's Federal Practice</u> ¶ 65.04[3] (2d ed. 1995). Upon review of the record here, the court determines that oral testimony and argument are not necessary in this case.

The plaintiff, is currently confined at Garner Correctional Institution in Newtown, Connecticut. He seeks an order directing the defendants to provide him with free copies of documents, free postage, writing paper, envelopes and writing implements. He claims that he has no prison job and has no funds in his inmate account. He alleges that he needs free copies of documents and postage to meet court deadlines and file motions.

"It is well established that inmates have a constitutionally protected right of access to the courts." <u>Smith v. Armstrong</u>, No. 3:93cv1537 (JGM), slip op. at 12 (D. Conn. 1996) (citing <u>Bounds v.</u>

3

Smith, 430 U.S. 817, 822-25 (1977)). "Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines . . . ." Lewis v. Casey, 518 U.S. 343, 355 (1996). Rather, "[t]he tools it requires to be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Id. Furthermore, the Supreme Court has recognized that " an inmate alleging a violation of Bounds must show actual injury." Id. at 349.

The plaintiff claims that he does not have funds to make copies or pay the cost of postage to mail documents to the court. In the present case, on August 21, 2003, the court issued an order directing the plaintiff to submit 285 U.S. Marshal service forms and copies of the amended complaint within twenty days. On September 10, 2003, the court received the completed forms and copies of the amended complaint. The forms and copies have been forwarded to the United States Marshal for service. On September 26, 2003, the plaintiff filed a motion for appointment of counsel. It is evident that the plaintiff's alleged lack of access to free copies of documents and postage has not caused him to miss any court deadlines or file motions. Thus, the plaintiff has not demonstrated that he has been prejudiced by the defendants alleged failure to provide him with free copies and postage and other legal materials. Accordingly, the plaintiff has failed to allege that

the actions of the defendants have interfered with his access to courts. Absent allegations of actual and immediate harm, the plaintiff fails to satisfy the first requirement for the award of injunctive relief. Because there is no showing of irreparable harm, the court need not examine the plaintiff's claim with respect to the other requirements for the issuance of injunctive relief. See Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990) (party seeking injunctive relief must demonstrate irreparable harm "before other requirements for the issuance of an injunction will be considered").

## CONCLUSION

For the reasons stated above, the Motion for Access to Courts [doc. # 5] is hereby DENIED.

SO ORDERED this 24th day of November 2003, at Hartford, Connecticut.

                                   _____
                                   Alvin W. Thompson
                                   United States District Judge