United States District Court
District of Connecticut

Robert March

vs

Ernesto Velazquez Et.Al

Prisoner
Docket # 303 CV 1018 (AWT)(DFM)

FILED
2004 OCT 22 P 4: 01
U.S. DISTRICT COURT
BRIDGEPORT CONN

Date: 10/12/04

## Second Motion for Settlement Conference

The Plaintiff, Pro-se, hereby respectfully requests this this Honorable Court to enter an Order for a Settlement Conference. In support thereof, he states the following:

1. The Plaintiff filed an "Unsigned" Motion for a Settlement Conference dated 2-18-04 and said motion was returned for signature and a signed Motion for Settlement Conference dated 4-14-04 was filed and the Respondent/Defendant failed to respond to said motion;

2. The Motion, by Rule was filed within 90 days of the date in which an Appearance was filed by the Respondent - Defendant;

1

3. The benefits for the Granting of said Motion are as follows:

    A. Would save the Court an enormous amount of time and money;

    B. The result from a trial in this matter will likely be in favor of the Plaintiff based upon the evidence the Plaintiff will Present;

    C. As such evidence will show, named Defendant Ernesto Velazquez has been deemed the Aggressor by the Internal Affairs Division of the Dept. of Corr. After conducting interviews with staff and inmates. See Exhibit "A" in its entirety, specifically PG 6. (Highlighted)

    D. Would save the Defendants time as well as Plaintiffs time and the Plaintiffs case is factual and with merit

4. The illegal use of force applied upon the Plaintiff was in clear violation of the 8th Amendment and repugnant to the conscience of mankind therefore establishing a favorable award for Damages should this case go to trial

5. As such, Generally, A jury trial may be demanded in writing up to 10 days after service of the

Defendants answer, but the Plaintiff is willing, in good faith, to have a Settlement Conference to resolve this matter.

6. The Plaintiff has written Defendants Attorney previously requesting a phone conference with the assistance of his prison counselor to no avail.

Wherefore, the Plaintiff requests this Honorable Court to grant said motion for reasons stated.

Respectfully Submitted
By: Robert March 10/12/04
Robert March Pro-se
Corrigan Corr. Inst
986 Norwich N.L. TPKE
Uncasville, Ct. 06382

## Certification

I hereby certify that a copy of the foregoing was mailed this 12th day of October 2004 to:

Terrence M. O'neill A.A.G
Office of the Attorney General
110 Sherman ST
Hartford, Ct. 06105

X Robert March 10/12/04
Robert March Pro-se
C.C.I. 986 Norwich N.L. TPKE
Uncasville Ct 06382



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### 24 WOLCOTT HILL ROAD
### WETHERSFIELD, CONNECTICUT 06109

To:   Vincent Santopietro
      Director of Security

From: Raymond Elterich
      Captain

Date: June 14, 2002

Re:   II 02-56 Bridgeport C/O Ernesto Velazquez inappropriate use
      of force on Inmate Robert March, #137886.

---

On 5/22/02 Commissioner Armstrong requested the Security Division investigate an incident which occurred at Bridgeport Correctional Center on 5/19/02. A physical altercation occurred between Officer Ernesto Velazquez, and inmate March, Robert #137886. This incident occurred at 8:10 p.m. in Memorial 2, which is a dorm operated housing unit. In initial reports that were generated a verbal confrontation between both parties led to a physical altercation. A code orange (officer needs assistance) was announced, and staff had to intercede to separate both individuals. Officer Velazquez was escorted to Saint Vincent's Hospital, and was out of work on workers compensation for several weeks. He complained of pain to his neck, and lower back area. He returned to work on June 8th. Inmate March received medical treatment in the New Center Hospital. He reported that he experienced pain in his neck area. In an Incident Report that was completed by Officer Velazquez he states that inmate March attempted to assault him on the above-mentioned date. He expressed in his report that inmate March attempted to punch him, and he felt threatened. Inmate March then invaded his personal area, and he responded by bringing inmate March to the floor. Inmate March was issued a disciplinary report for disobeying a direct order. He was then housed in the Restrictive Housing Unit pending further investigation. The Connecticut State Police were notified, and Officer Velazquez declined to press outside charges.

On 5/31/02 inmate March, was interviewed by this investigator in regards to this incident. Lieutenant Rudolph Bederman of the Bridgeport Correctional Center was also present. Inmate March has been incarcerated at the Bridgeport Correctional Center since 1/28/02. In his statement inmate March reports that he got into a verbal confrontation with Officer Ernesto Velazquez in regards to a disciplinary report for disobeying a direct order to return to his bunk and swearing at Officer Velazquez. Inmate March stated that it is his belief that he pushed Officer Velazquez over the

edge. In the course of the argument inmate March claims he called Officer Velazquez an (insecto). March stated that an insecto is the most insulting name to be called in Spanish. It translates to a child molester, a rapist, a grandmother rapist, etc. At this point Officer Velazquez became angry, and got up from his chair. He then approached inmate March in an aggressive manner. Inmate March then started to back away from Officer Velazquez, and placed his hands up. Inmate March then turned around, and bent down to protect himself. As inmate March was doing this Officer Velazquez grabbed him around the neck with his arm. Inmate March could not recall if it was his right or left arm. Inmate March reported that he told Officer Velazquez that he would not touch him, and extended his arms behind him. It was at this point that they both fell to the floor. Officer Velazquez held inmate March on the floor until staff arrived. Officer Velazquez was positioned with one knee in the upright position, and the other knee was on the floor. Inmate March continued that he then informed Officer Velazquez to get off of his neck since he has a prior injury to that area. At this time Officer Axson physically pulled Officer Velazquez off of him. Another officer, who inmate March could not identify, assisted March to stand-up. Inmate March was then escorted to the Memorial Chow Hall. From there he was escorted to the women's detention holding area, and then to the New Center Hospital.
Inmate March stated he was checked by medical for neck pain but did not sustain any injuries. (Verified by medical incident report dated 5/19/02.) Inmate March concluded with that he did not wish to press outside charges against Officer Velazquez.

On 6/2/02 (inmate Vasquez, Jose #243415,) was interviewed regarding this incident. (Inmate Vasquez has been incarcerated at the Bridgeport Correctional Center since 05/14/2001. (Inmate Vasquez) stated that he questioned inmate March as to why he was packing his property. Inmate March informed him that Officer Velazquez was removing him from the unit. (Inmate Vasquez) then advised him to have Officer J. Axson call Lt. Samuel, because Officer Velazquez had an attitude. They then approached the officer's station where Officer Velazquez was seated. Inmate March and Officer Velazquez then engaged in a verbal confrontation with each other. (Inmate Vasquez) continued that in the course of this conversation Officer Velazquez jumped up from his chair, and rushed toward inmate March. Officer Velazquez then put his right forearm against the neck of inmate March, and pushed him. Officer Velazquez then pushed inmate March to the floor, and would not release his hold. (Inmate Vasquez) concluded that Officer Axson, and Officer (Carl) Hatton had to physically pull Officer Velazquez away from inmate March.

On 6/2/02 (inmate Rodriquez, Victor #101554) was interviewed in regards to this incident. (Inmate Rodriquez has been incarcerated at the Bridgeport Correctional Center since 05/03/2002. Inmate Rodriquez) stated that he saw inmate March walking toward the officers' desk. Inmate March questioned Officer Velazquez as to the reason why he was being moved. They both then engaged in a

verbal confrontation with each other. Officer Velazquez suddenly got up from his chair, and grabbed inmate March by the throat with his left hand. (Inmate March denied this took place.) Officer Velazquez quickly let go of his throat, and pushed inmate March with his forearm around the neck toward the bathroom. Inmate March then fell to the floor along with Co Velazquez. Officer Hatton pulled Officer Velazquez away from inmate March.

On 6/3/02 inmate Woods, Mark #228064, was questioned as to his knowledge of this incident. (Inmate Woods has been incarcerated at the Bridgeport Correctional Center since 02/15/2002. Inmate Woods stated that he was standing close to the officers station waiting for a pass to the medical department. At the time inmate March approached the desk, and questioned Officer Velazquez to the reason why he was being removed from the unit. Inmate March and Officer Velazquez then both engaged in a verbal altercation. Officer Velazquez then jumped up from his chair, and went after inmate March. Inmate March put his hands in the air, and was backing away from Officer Velazquez. Officer Velazquez continued toward inmate March, and put his left forearm around his neck. Officer Hatton then responded, and physically pulled Officer Velazquez away from inmate March. Inmate Woods concluded that Officer Hatton was then advising Officer Velazquez to back away, and to calm down.

On 6/3/02 inmate Butler, Joe #144250, was interviewed as an inmate witness to this incident. (Inmate Butler has been incarcerated at the Bridgeport Correctional Center since 12/14/2001. Inmate Butler) stated that he was sitting near the officer's station watching a basketball game. He then saw inmate March approach the desk where Officer Velazquez was seated. Inmate Butler stated that he could not hear any of the conversation due to the volume of the television. As he happened to look up he saw Officer Velazquez running toward inmate March. Officer Velazquez had one hand in the air, and he quickly placed it back toward his hip. During this time inmate March was curled up to protect himself with his hands on his head. At this point they both fell to the floor. Officer Hatton then pulled both of them away from each other. Inmate Butler concluded that Officer Hatton was instructing Officer Velazquez to calm down.

On 06/03/2002 Officer Cleave Hatton was interviewed regarding this incident. Lt. R. Bederman was also present. Officer Hatton has been employed by the Department of Correction for the past four years, and five months. He has been assigned to the Bridgeport Correctional Center since October of 2001. On 5/19/02 Officer Hatton was assigned to Memorial Recreation/Visits post. On the above-mentioned date Officer Hatton was conducting a tour of Memorial 2. In the course of this tour he witnessed Officer Velazquez, and inmate March on the floor. Officer Hatton stated that he did not see the initial incident, because it happened so fast he just reacted. Officer Velazquez was on the top of inmate March at this point of the altercation. (meaning using his hands

4

to hold the inmate down) (Officer Hatton) pulled Officer Velazquez away from inmate March. This was accomplished without resistance from officer Velazquez. Inmate March at this time was on his back face up, with his hands in front of his face. At that point he escorted Officer Velazquez from the area. The inmate population, who gathered around the area were ordered back to their assigned bunks without incident. (Officer Hatton) stated that he was not aware of what transpired between inmate March, and Officer Velazquez that caused this altercation. He added that his only involvement was to physically separate Officer Velazquez away from inmate March. (Officer Hatton) concluded that at no time did he discuss this incident with Officer Velazquez.

On 6/3/02 (Officer William Harrington) was interviewed regarding this incident. Lt. R. Bederman was present. (Officer Harrington) has been employed by the Department of Correction since January of 2002. On 5/19/02 Officer Harrington was assigned to Memorial 2. Officer Harrington) was at the officer's station when this incident transpired. He reported that Officer Velazquez was instructing inmate March to pack his belongings, because he was being moved from the unit. Inmate March replied that he was not going anywhere until he spoke to a Lieutenant. Officer Velazquez once again instructed him to pack his belongings. Inmate March again replied that he wants to speak to a Lieutenant. At this time Officer Velazquez jumped up from his chair, and swung his right arm toward inmate March. (Officer Harrington) could not state for certain if this punch struck inmate March. Officer Velazquez then appeared to grab inmate March around his waist. They both fell to the floor, with Officer Velazquez on top of inmate March. (Officer Harrington) called a code orange, meaning officer needs assistance. (Officer Harrington) stated that the incident was stopped immediately by himself and Officer Axson. (Officer Harrington) claims he does not know what started this incident. Officer Axson then escorted inmate March from the unit into the Memorial dinning hall.

On 6/13/02 (Correction Officer Jamie Axson) was interviewed regarding this incident. (Officer Axson) has be employed by the Department of Correction for the past year and a half.

(On 5/19/02 officer Axson was assigned to Memorial 2 Rover at Bridgeport C.C. Officer Axson) claims that at approximately 8:10 PM he was standing at the officer desk in the Memorial Unit. Inmate March was standing to the left of the desk in the area of the inmate telephones. Inmate March requested to speak with Lt. Samuel. Officer Velazquez at the time was sitting at the desk exchanging words with inmate March. Officer Velazquez, told inmate March he was being transferred from the unit because he was being issued a disciplinary report.

(Officer Axson) states he picked up the phone to notify Lt. Samuel of inmate March request. As he completed dialing the call he looked up and observed officer Velazquez and inmate March on the floor near the bathroom fighting. Both officer Velazquez and

inmate March were obviously upset prior to this incident. At this time officer Hatton grabbed officer Velazquez and officer Axson assisted inmate March from the floor. Inmate March was escorted from the unit. Officer Axson had immediately called a code orange, however the incident was over prior to staff arrival.

On 6/10/02 Correction Officer Ernesto Velazquez was interviewed in regards to this incident. Lt Bederman was also present. CO Velazquez has been employed by the Department of Correction for the past two years.

Officer Velazquez states that on Sunday 5/19/02 he worked the 4-12 PM shift. His post assignment was unit Memorial 2. Officer Velazquez instructed inmate March to pack his belongings for a transfer authorized by Lt. Samuel. The transfer was a result of a disciplinary report generated by Officer Velazquez. Velazquez claims that when he asked inmate March to pack up March stated `F☒k you'. Officer Velazquez walked away and notified Lt. Samuel as to what inmate March had stated. Lt Samuel instructed Officer Velazquez to call the booking room and obtain a cell location for inmate March so he could be transferred from the block. Approximately fifteen minutes later CO Velazquez states he again went to inmate March and told him to pack his stuff because he was being transferred from the unit. Velazquez then returned to his desk and started to write a disciplinary report on inmate March. Officer Velazquez claims as he sat at the desk inmate March approached the desk and stated he was not leaving the unit until he spoke to a Lieutenant. Out of the left side of his eye Officer Velazquez observed inmate March lung at him with both hands up. March did this with a quick move. March according to Velazquez was approximately an arms length away from him. Officer Velazquez states he immediately stood up and pushed inmate March away from his personal space. Inmate March moved back. Officer Velazquez states he approached inmate March and grabbed him. Velazquez does not recall where he grabbed inmate March but in doing so he brought inmate March to the floor. Velazquez then held inmate March on the floor. Inmate March did not resist so Velazquez claims he let him go as staff arrived to render assistance.

As part of this interview several direct questions to Officer Velazquez were asked and answered.

Question: Officer Hatton states you were fighting and you were holding inmate March down. He claims he pulled you off?

Answer: I don't recall. CO Hatton took over the scene and told me to leave the area.

Question: How do you explain the statements from four inmate witnesses and three Correction Officers that indicate you were the aggressor in this incident. No one stated that inmate March made an aggressive move towards you?

Answer: No one knows how frightened and threatened I felt at that moment. Apparently they did not see inmate March's aggressive move towards me.

Conclusion:

A review of the facilities response to the Code Orange appears to have been handled appropriately.

The video tapes retrieved from Cameras in Memorial 2 at Bridgeport Correctional Center by this investigator were found to be defective.

The videotapes obtained from the VCR were found to have no picture. The video would have been of the Memorial 2 Unit where the incident occurred on 5/19/02. If the VCR had been functioning properly, the camera in the unit would have picked up the incident because of its angle. AREN'T THERE SYSTEM CHECKS??

As a result of this incident the VCR's were immediately removed from the Memorial Control. The Department of Correction Maintenance Department is attempting to repair them. Presently the Bridgeport facility has a camera project pending that will replace the present camera system. According to Warden Tarascio and Major Rubbo this system has malfunctioned in the past on numerous occasions. This system should have BEEN PRIORITY?

When funding becomes available the cameras should immediately be replaced with more dependable and updated cameras and recorders.

There are various versions as to what actually precipitated the incident between Officer Velazques and inmate March. However staff and inmate interviews indicate that Correction Officer Velazquez was the aggressor in this incident. All state that there was a verbal confrontation between officer Velazquez and inmate March which accelerated into a physical confrontation.

At issue is officer Velazquez's signed statement in which he states 'I pushed inmate March away from my personal space. (I did this as I stood up.) Inmate March moved back I approached the inmate and grabbed him I don't recall where I grabbed him but I brought the inmate to the ground.'

It is this, investigators finding that at the time Officer Velazquez cleared his personal space and inmate March moved back officer Velazquez should have backed off and let staff in the area resolve the issue.

Officer Velazquez is in Violation of Directive 2.17 (5- B 2) The following behavior shall be strictly prohibited: Excessive or unnecessary use of force.

Finding: Sustained

7

\*As of 6/14/02 the camera/VCR for Memorial Unit 2 is still out for repair.

*[Handwritten note:]* Incident Date 5/19/02 why still out for Repair