UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ROBERT MARCH

    v.                                    PRISONER
                               Case No.  3:03CV1018 (AWT) (DFM)

ERNESTO VELASQUEZ, et al.

RULING AND ORDER

Pending before the court is the plaintiff's motion to compel, motion for appointment of counsel and motion for a settlement conference.  For the reasons set forth below, the motion to compel and the motion for appointment of counsel are being denied and the motion for a settlement conference is being granted.

I.   <u>Motion to Compel [doc. # 15]</u>

The plaintiff seeks to compel the defendants to respond to his December 10, 2003 Request for Production of Documents.  A party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and Rule 37(a)2 of the Local Civil Rules of the United States District Court for the District of Connecticut.  Under both rules, a motion to compel must include a certification that the plaintiff has made an attempt to confer

with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the court.

The plaintiff has failed to file a certification that he has made a good faith effort to resolve this discovery dispute without the intervention of the court. Simply re-mailing the discovery request to counsel for the defendants is insufficient.

In addition, Local Rule 37(a)3 requires that any discovery motion filed with the court be accompanied by a detailed memorandum of law containing the specific items of discovery sought or opposed. Rule 37(a)3 provides in pertinent part:

> Memoranda by both sides shall be filed with the Clerk in accordance with Rule 7(a) of these Local Rules before any discovery motion is heard by the Court. Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed . . . Every memorandum shall include, as exhibits, copies of the discovery requests in dispute.

D. Conn. L. Civ. R. 37(a)3.

The plaintiff did not attach a memorandum to his motion. Because the plaintiff has not complied with the provisions of Local Rule 37(a)2 or 3, the plaintiff's motion to compel is being denied without prejudice.

II. <u>Motion for Appointment of Counsel [doc. # 16]</u>

The plaintiff is seeking an appointment of <u>pro</u> <u>bono</u> counsel pursuant to 28 U.S.C. § 1915. The Second Circuit has made clear that before an appointment is even considered, the indigent

person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).  Here, the plaintiff filed a prior application for appointment of counsel, which was denied because he failed to demonstrate that he is unable to secure counsel on his own.  The plaintiff has attached to the instant motion documentation showing that he contacted three attorneys in June and July 2002 and that all three attorneys declined to represent him.  However, because this case is being referred for a settlement conference, the court is denying the motion without prejudice to renewal in the event the case does not settle.  At that time, the court would be able to obtain input from the magistrate judge as to whether the plaintiff meets the standard for appointment of counsel under the factors set forth in Hodge.

III.   Motion for Settlement Conference [doc. # 17]

The plaintiff seeks a settlement conference in this case. Counsel for the defendants has represented to the court that a conference would be productive.  Accordingly, the motion is being granted.

## Conclusion

The Motion to Compel [**doc. # 15**] and Motion for Appointment of Counsel **[doc. # 16**] are hereby **DENIED** without prejudice.  The Motion for Settlement Conference [**doc. # 17**] is hereby **GRANTED,** and the case is being referred to Magistrate Judge Martinez, who

will notify the parties of the date and time of the settlement conference, which may be held telephonically.

It is so ordered.

Dated this 16th day of November 2004, in Hartford, Connecticut.

                              _____/s/_____
                              Alvin W. Thompson
                          United States District Judge